**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| IVAN MATTHEWS,<br>    Appellant,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br>    Agency. | DOCKET NUMBERS<br>CH-0752-14-0451-I-1<br>CH-0353-14-0599-I-1<br><br><br>DATE:  NOVEMBER 21, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ivan Matthews, Cleveland, Ohio, pro se.

Arthur S. Kramer, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed petitions for review of two initial decisions, which dismissed his removal and restoration claims for lack of jurisdiction. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, and based on the following points and authorities, we JOIN these appeals,[2] and conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed by the agency as a non-preference-eligible Mail Processing Clerk in Cleveland, Ohio. Initial Appeal File (IAF-I),[3] Tab 1 at 1, Tab 7 at 23, 28. In August 2009, the agency involuntarily reassigned the appellant to a Mail Processing Clerk position in Lexington, Kentucky. IAF-I, Tab 7 at 25. The appellant did not report for duty but, instead, submitted requests for leave, which the agency denied. IAF-I, Tab 1 at 15, 20-22, 38.

¶3      In September 2009, the appellant filed a claim with the Office of Workers' Compensation Programs (OWCP), alleging that he suffered from work-related stress. IAF-I, Tab 7 at 28. While the appellant's OWCP claim was pending, the

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite processing of the cases and not adversely affect the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b). We find that these appeals meet the regulatory criteria, and therefore, we join them.

[3] "IAF-I" refers to the initial appeal file in MSPB Docket No. CH-0752-14-0451-I-1 (*Matthews I*).

agency notified him of his removal, based upon a charge that the appellant was absent without leave (AWOL). IAF-I, Tab 1 at 15-16. In February 2010, approximately 2 months after the effective date of the appellant's removal, OWCP denied his claim for benefits on the ground that he did not establish that his condition arose out of his employment. IAF-I, Tab 1 at 15, 18, Tab 7 at 28-33.

¶4      The appellant grieved his removal. IAF-I, Tab 1 at 18, 21. Following a hearing, an arbitrator issued a decision sustaining the agency's removal action. *Id.* at 17, 26.

¶5      After unsuccessfully pursuing an equal employment opportunity (EEO) complaint regarding his removal, the appellant initiated an appeal with the Board challenging his reassignment and removal. IAF-I, Tab 1 at 1-12, 27-31. In his Board appeal, the appellant alleged that he suffered discrimination and that the agency retaliated against him for both his EEO and whistleblower activity. IAF-I, Tab 1 at 6-7, Tab 6 at 5-6. The appellant further alleged that the agency failed to inform him of his right to appeal to the Board, denying him the right to appeal the arbitration decision. IAF-I, Tab 1 at 7-8. In addition, the appellant alleged that the agency improperly failed to restore him to duty following his recovery from a compensable injury. IAF-I, Tab 1 at 6, Tab 6 at 4-5.

Proceedings in *Matthews I.*

¶6      The administrative judge issued an order requiring the appellant to submit evidence and argument demonstrating that the Board had jurisdiction over his appeal. IAF-I, Tab 2 at 2-3.

¶7      After both parties responded, the administrative judge dismissed the appeal for lack of jurisdiction without holding the hearing requested by the appellant. IAF-I, Tab 9, Initial Decision (ID-I). She found that the appellant failed to raise a nonfrivolous allegation that he was a U.S. Postal Service employee with the right to appeal his removal to the Board. ID-I at 2. Therefore, she found that the agency was not required to inform the appellant that he had Board appeal rights.

ID-I at 4. The administrative judge further found that, absent Board jurisdiction over an appealable underlying action, the Board could not review the appellant's claims of discrimination and prohibited personnel practices. ID-I at 3. In addition, the administrative judge found that the Board lacked jurisdiction to hear the appellant's claim that he was a whistleblower because U.S. Postal Service employees are not covered under the Whistleblower Protection Act.[4] ID-I at 4. The administrative judge also found that the Board lacked jurisdiction to review the appellant's arbitration decision. ID-I at 3. The appellant has filed a timely petition for review of the administrative judge's decision, and the agency has filed a response. Petition for Review (PFR-I) File, Tabs 1, 3.

¶8    The administrative judge docketed the appellant's restoration claim as a separate appeal. ID-I at 3 n.1; Initial Appeal File (IAF-II),[5] Tab 10, Initial Decision (ID-II) at 1.

Proceedings in *Matthews II.*

¶9    The administrative judge issued an order requiring the appellant to submit evidence and argument demonstrating that the Board had jurisdiction over his restoration appeal. IAF-II, Tab 5 at 1-2. After both parties responded, the administrative judge dismissed the appellant's restoration appeal for lack of jurisdiction without holding a hearing on the ground that the appellant failed to

---

[4] Although the administrative judge referred to the WPA, the appeal was filed after the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA). *See* WPEA, Pub. L. No. 112–199, § 202, 126 Stat. 1465, 1476 (indicating that the WPEA would take effect 30 days after its enactment date of November 27, 2012); *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 3 (2013) (noting that the WPEA was signed into law on November 27, 2012, with an effective date of December 27, 2012); IAF, Tab 1 (reflecting a submission date of April 7, 2014). However, we have examined the WPEA and find that nothing in the act permits a postal employee to file an individual right of action appeal.

[5] "IAF-II" refers to the appeal file in the appellant's restoration appeal, MSPB Docket No. CH-0353-14-0599-I-1 (*Matthews II*).

establish that he had suffered a compensable injury.[6]  ID-II.  The appellant has filed a timely petition for review of the administrative judge's decision, and the agency has filed a response.  Petition for Review (PFR-II) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board lacks jurisdiction over the appellant's restoration claim because he did not meet his burden to establish that he suffered from a compensable injury.</u>

¶10     The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving Board jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(a)(2)(i).  To establish Board jurisdiction over a restoration appeal as a fully recovered employee,[7] the appellant must prove by preponderant evidence, in pertinent part, that he suffered a compensable injury.  *See Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1102 (Fed. Cir. 2011) (setting forth the preponderance of the evidence standard); *Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 12 (2010) (discussing the jurisdictional test for claims of full recovery).

¶11     On review, the appellant contends that a "compensable injury" is an injury incurred in the course of his employment, for which he "may be entitled to compensation."  PFR-I File, Tab 1 at 3 n.2; PFR-II File, Tab 1 at 4 n.2.  Thus, as below, the appellant argues he suffered from a compensable injury because he was absent from work due to illness and his OWCP claim was pending at the time of his removal.  PFR-II File, Tab 1 at 4 & n.3, 6.  We disagree.

---

[6] The administrative judge declined to address whether the appellant's restoration appeal was timely, having determined that the Board lacked jurisdiction over the appeal.  ID-II at 3.

[7] The appellant alleged that he was a fully recovered employee, as opposed to a partially recovered employee.  *See* IAF-II, Tab 8 at 2.

¶12     A compensable injury is a condition that is accepted by OWCP as job-related, and for which medical monetary benefits are payable from the Employees' Compensation Fund. *Burnett v. U.S. Postal Service*, 104 M.S.P.R. 308, ¶ 8 (2006); *Norwood v. U.S. Postal Service*, 100 M.S.P.R. 494, ¶ 4 (2005). In February 2010, OWCP denied the appellant's claim for benefits because he failed to establish that his condition arose out of his employment. IAF-I, Tab 7 at 28-33. The appellant appealed that decision to the Employees' Compensation Appeals Board (ECAB). IAF-II, Tab 8 at 8. Although ECAB remanded OWCP's decision denying the appellant's reconsideration request for further factual findings, the appellant did not allege that OWCP subsequently determined that he was entitled to benefits and did not submit any evidence to this effect. *See* IAF-II, Tab 8.

¶13     On review, the appellant alleges that the agency should not have removed him because he provided the agency with a "return to duty medical certification," which indicated that he was incapacitated for approximately 3 of the 8 weeks that he was considered AWOL. PFR-I File, Tab 1 at 3-4; PFR-II File, Tab 1 at 4; *see* IAF-I, Tab 1 at 15 (reflecting the dates that the appellant was considered AWOL). However, the appellant has not provided this certification or any evidence indicating that OWCP determined that his condition was job-related. In the absence of any evidence that OWCP determined that the appellant was entitled to benefits, the administrative judge properly dismissed his restoration claim for lack of jurisdiction.

The appellant was not entitled to a hearing in his restoration appeal because he failed to raise nonfrivolous allegations of Board jurisdiction.

¶14     On review, the appellant contends that the administrative judge erred in stating that he did not request a hearing in his restoration appeal. PFR-II File, Tab 1 at 2; ID-II at 1. The appellant correctly notes that, 5 days after the administrative judge issued the order to show cause in his restoration appeal, he filed a motion to stay the appeal, which contained the words "Request [a]

Hearing" in the caption. PFR-II File, Tab 1 at 2; IAF-II, Tab 6 at 1. However, although the administrative judge appears to have overlooked the appellant's request for a hearing, we determine that because this adjudicatory error did not affect his substantive rights, it does not form a basis for reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). An appellant is entitled to a jurisdictional hearing only if he makes a nonfrivolous allegation of Board jurisdiction, i.e., an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Bledsoe*, 659 F.3d at 1102. The administrative judge's show cause order advised the appellant that, to establish the Board's jurisdiction over his appeal, it was necessary to submit evidence indicating that he had received OWCP benefits for a compensable injury. IAF-II, Tab 5 at 1. Although the appellant was notified of this jurisdictional requirement, neither below nor on appeal has he alleged that OWCP determined that he was entitled to benefits. *See* IAF-II, Tab 6, Tab 8; PFR-I File, Tab 1; PFR-II File, Tab 1. We find that, in the absence of a nonfrivolous allegation of Board jurisdiction over his restoration appeal, the appellant was not entitled to a jurisdictional hearing.[8] *See Bledsoe*, 659 F.3d at 1102.

---

[8] With his petition for review, the appellant submits an August 6, 2014 letter from the Department of Labor (DOL), which he contends constitutes new and material evidence that was not available despite due diligence when the record below closed. PFR-II File, Tab 1 at 8; *see* 5 C.F.R. § 1201.115(d). However, the letter merely reflects that the appellant's claim remains under OWCP review, in accordance with ECAB's May 13, 2013 remand instructions. PFR-II File, Tab 1 at 12-13. The only potentially new evidence contained in the letter is the fact that the claim remains pending. Even if we considered the status of the appellant's OWCP claim to be new evidence, it is not material. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (evidence is material if it is of sufficient weight to warrant an outcome different from that of the initial decision). The fact that the appellant's OWCP claim remains pending is insufficient to establish jurisdiction.

<u>The appellant is not an employee with the right to appeal an adverse action under chapter 75 to the Board.</u>

¶15    On review, the appellant argues that the administrative judge erred in finding that he was not an employee with the right to appeal his removal and reduction in pay to the Board.  PFR-I File, Tab 1 at 2, 4-6.  We disagree.

¶16    Unlike in the case of a denial of restoration, only certain U.S. Postal Service employees have the right to appeal adverse actions to the Board.  *See Norwood*, 100 M.S.P.R. 494, ¶ 4.  A U.S. Postal Service employee may file a Board appeal under chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B).  *See* 5 U.S.C. § 7511(b)(8).  Thus, as correctly stated by the administrative judge, to appeal an adverse action under chapter 75, a U.S. Postal Service employee must:  (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions.[9]  *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).

¶17    The appellant does not claim that he is preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity.  *See* IAF-I, Tab 1 at 1, Tabs 6, 8.  Accordingly, the administrative judge properly found that the appellant failed to make a nonfrivolous allegation that he was an employee with the right to appeal an adverse action under chapter 75 to the Board.  ID-I at 2.

¶18    On review, the appellant attempts to argue the merits of the AWOL charge that formed the basis of the agency's decision to remove him.[10]  PFR-I, Tab 1 at

---

[9] Contrary to the appellant's assertions on review, 5 U.S.C. § 7511(a)(1)(C)(ii) does not establish Board jurisdiction over the removal of a U.S. Postal Service employee who has completed more than 2 years of current continuous service with the agency.  *See* PFR-I File, Tab 1 at 2, 5; PFR-II File, Tab 1 at 2; *see also Toomey*, 71 M.S.P.R. at 12.

[10] The appellant also takes issue with the fact that the administrative judge stated that he was AWOL between May 27, 2009, and September 24, 2009.  PFR-II File, Tab 1 at

2-4. However, because the appellant is not an employee with the right to appeal his removal to the Board, we cannot address the merits of the underlying charge.

¶19 The appellant further argues that the administrative judge erred in failing to address his arguments that his reassignment resulted in a reduction in pay. PFR-I File, Tab 1 at 2. However, like the appellant's removal, the Board lacks jurisdiction over an alleged reduction in pay because it is an adverse action under chapter 75. *See* 5 U.S.C. § 7512(4). Thus, the administrative judge's failure to address this argument was harmless. *See Panter*, 22 M.S.P.R. at 282.

¶20 In his petitions for review, the appellant does not challenge the administrative judge's findings that, absent an otherwise appealable action, the Board lacked jurisdiction to review his claims of discrimination and prohibited personnel practices. *See* ID-I at 3. He also does not challenge the administrative judge's findings that the Board lacked jurisdiction to review the arbitration decision and his claim of whistleblower reprisal. ID-I at 4. Based on our review of the record, we discern no basis to disturb the administrative judge's conclusions on these issues.

¶21 We have considered the appellant's remaining arguments, including his claim that the administrative judge should not have docketed his restoration appeal separately from his removal appeal, and we find that they do not present a basis for disturbing the administrative judge's initial decision. Even assuming that the decision to docket the appeals separately was a procedural error, it did not affect the appellant's substantive rights, and does not form a basis for overturning the initial decisions. S*ee Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). The administrative judge correctly concluded that the Board lacked jurisdiction over both appeals.

---

3; ID-II at 1 n.1. Although this statement was in error, the error did not affect the appellant's substantive rights, and does not form a basis for reversing the initial decisions. *See Panter*, 22 M.S.P.R. at 282. The precise dates that the appellant was AWOL were not relevant to the administrative judge's jurisdictional determinations. *See* ID-I at 2-4; ID-II at 2-3.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.